Alsen E. Inman, Jr., and Barbara L. Inman v. Commissioner.
Inman v. Commissioner
Docket No. 2981-69.
United States Tax Court
T.C. Memo 1970-264; 1970 Tax Ct. Memo LEXIS 94; 29 T.C.M. (CCH) 1168; T.C.M. (RIA) 70264; September 21, 1970, Filed. Alsen E. Inman, Jr., pro se, Star Route, Inverness, Calif.J. Richard Murphy, Jr., and Jeffrey E. Boly, for the respondent. FEATHERSTON
Memorandum Findings of Fact and Opinion FEATHERSTON, Judge: Respondent determined a deficiency in petitioners' Federal income tax for 1967 in the amount of $92. The only issue is whether the *95 value of utilities used in a house furnished to petitioner Alsen E. Inman, Jr., by his employer is excludable from petitioners' gross income under section 119, [1] or alternatively, whether the cost thereof is deductible under section 162(a). Findings of Fact Alsen E. Inman, Jr. (hereinafter referred to as petitioner), and Barbara L. Inman, husband and wife, were residents of Inverness, California, at the time they filed their petition. They filed a joint Federal income tax return for 1967 with the district director of internal revenue, San Francisco, California. During 1967, petitioner was employed by the National Park Service, Department of Interior (hereinafter Park Service), as a park ranger at Point Reyes National Seashore Park (hereinafter Point Reyes), approximately 50 miles north of San Francisco, California. As a condition of his employment at Point Reyes, petitioner was required to live in a large house furnished by the Park Service. The house was located on a former ranch which had been bought as part of Point Reyes. Since the *96 only other place available for petitioner to carry on his office and paper work was a small outdoor building located on the beach, the house also served as petitioner's office, although no particular part was set aside for this purpose. While working at home, petitioner performed such duties as writing reports, making telephone calls, answering inquiries, and so forth. Petitioner worked as much as 144 hours of overtime a month, and his wife served him as an unpaid dispatcher. Petitioner's duties required him to be available and subject to call 24 hours a day. As a park ranger, his job consisted of law enforcement, rescue work, emergency aid, and general public assistance. Approximately 200 mimeographed cards were posted throughout Point Reyes containing emergency telephone numbers, including the numbers for the sheriff's department and the fire department, as well as the local rangers. 1169 Petitioner's telephone number was included, and it could be called any time assistance was needed. For use in the house, petitioner purchased telephone service from Pacific Telephone Company, electricity from Pacific Gas and Electric Company, and gas from De Carli Bros., Petaluma Butane *97 Distributors. Each of these utilities was provided directly to petitioner, and he made payments to each company. The total cost for these utilities for 1967 was $449.34, allocated in the following manner: Utility
Amount
Gas
$268.07
Electricity
141.21
Telephone
40.06
The gas used to heat the house was propane. An unusually large amount of gas was required, because the house was uninsulated during the first half of the year in issue and only the ceiling was insulated thereafter. The electricity, in addition to being used to provide light and to heat water, powered a short-wave radio located in petitioner's living room. The radio was in operation 24 hours a day, and was used only for the transmission of emergency business messages, and for communications with the various Park Service employees. The telephone was available for calls required in connection with various aspects of petitioner's work, including emergency calls from Point Reyes visitors. As part of petitioner's job description, the Park Service required him to maintain a telephone where he could be reached. In his 1967 Federal income tax return petitioner claimed in his "Adjustments to income" *98 the amount of $449.34 for the utilities used in conjunction with the house furnished by the Park Service. Respondent determined that, since the utilities were not furnished by his employer, petitioner's gross income was not subject to adjustment for this amount. Opinion We are compelled to reject petitioner's contention that section 119 [2] entitles him to exclude from his gross income a sum equal to his outlay for utilities. While the term "lodging" as used in that section encompasses utilities necessary to make the lodging habitable, the exclusion applies only with respect to lodging, including utilities, "furnished" by the employer. Since petitioner purchased his gas, electricity, and telephone services directly from local companies, he does not qualify for the exclusion of a sum equal to the value of these items under section 119. *99 We think, however, that petitioner is entitled under section 162(a) to deduct a substantial part of the cost of his utilities as "ordinary and necessary expenses" paid or incurred in carrying on his business as a park ranger. His house served as his headquarters office as well as his home; he had no other similar facility except a small kiosk, "about the size of a clerk's desk," which he used as a "public contact" station during the summer months. He was required by his employer to live in the designated housing so that he would be available for emergency duty at any time during the day or night; here, he maintained a telephone and a short-wave radio for receiving and sending business messages, kept all his files, wrote his reports, and did his other paper work. This arrangement was not one of his choice, but was imposed by his employer. Quite obviously, his housing facilities were not usable for these business purposes without gas to provide the needed heat and electricity to provide light and to operate the short-wave radio; and his employer specifically required him to maintain the telephone. We think section 162(a) permits the deduction of that portion of the costs of the utilities *100 allocable to his business endeavors. We hold that, in the light of the entire record, petitioner is entitled to the following deductions: (1) $40.06 for the telephone; (2) $100 for electricity, and (3) $175 for gas. [3] To the extent that the total costs for the utilities exceed these amounts, we find that they were expended for nonbusiness purposes, and as such must be regarded as personal expenses. [4]
Decision will be entered under Rule 50. 1170 Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the tax year in issue, unless otherwise noted.↩
2. SEC. 119. MEALS OR LODGING FURNISHED FOR THE CONVENIENCE OF THE EMPLOYER. There shall be excluded from gross income of an employee the value of any meals or lodging furnished to him by his employer for the convenience of the employer, but only if - * * * (2) in the case of lodging, the employee is required to accept such lodging on the business premises of his employer as a condition of his employment.↩
3. Since petitioner's "trade or business" consisted "of the performance of services by the taxpayer as an employee," these sums are not deductible in computing adjusted gross income, sec. 62(1), but are deductible from gross income, sec. 63(a). ↩
4. SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES. Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses.↩